**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**TIMOTHY PAUL RACKLER,**
**and ANDREA LYNNE RACKLER,**

**Plaintiffs,**

**v.** **Case No. 2:25-cv-02899-MSN-cgc**

**DIETRICH KUHLMANN,**
**DIANE YOUNG,**
**KARA CARDONA,**
**TIM ROSSON,**
**VINCENT PENNISI,**
**STEVEN WEISBERG, and**
**JOE PENDERGAST,**

**Defendants.**

---

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION TO DISMISS**

---

Before the Court is Defendants' Dietrich Kuhlmann, Diane Young, Kara Cardona, Tim Rosson, Vincent Pennisi, Steven Weisberg, and Joe Pendergast's Motion to Dismiss. (Docket Entry ("D.E.") # 6). Pursuant to Administrative Order 2013-05, the instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

## I. Introduction

On August 19, 2025, Plaintiffs Timothy Paul Rackler and Andrea Lynne Rackler filed a "Claim for Trespass by way of Breach of Contract, Trespass by way of Barratry, Trespass by way

of Theft, Trespass by way of Harassment, Trespass by way of Extortion, Trespass by way of Libel, Trespass by way of Debt" ("Complaint") in the Chancery Court of Shelby County, Tennessee, Thirtieth Judicial District. (D.E. #1-1). Plaintiff alleges that Defendants are employed by the Navy Federal Credit Union ("NFCU") and that they acted unlawfully in the servicing and collection of an automobile loan as well as the credit reporting related thereto. (Compl. at PageID 12-20). Defendants removed the case to this Court on September 24, 2025. (D.E. #1).

On September 25, 2025, Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (D.E. #6, #7). Defendants seek dismissal with prejudice pursuant to Rule 12(b)(6), as they argue individual employees of a financial institution are not liable for the acts of their employer absent specific allegations of personal wrongdoing.

Local Rule 12.1(b) provides that a "party opposing a motion to dismiss must file a response within 28 days after the motion is served." Here, Plaintiffs failed to do so. On April 2, 2026, the Court entered an Order to Show Cause requiring Plaintiffs to respond within fourteen days of the entry of the order. (D.E. #16). The Court explicitly advised that Plaintiffs show cause "as to why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motion." (*Id.*)

On April 15, 2026, Plaintiffs filed a "Notice in Response to Order to Show Cause." (D.E. #17). However, Plaintiffs fail to respond to the arguments raised in Defendants' Motion to Dismiss.

## II. Legal Standard

### *a. Rule 12(b)(5) & Rule 4(e)*

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Rule 4(e) sets forth the requirement for serving an individual within a judicial district of the United States and states as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action; or,
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4.04 of the Tennessee Rules of Civil Procedure further allows for service upon an individual "by delivering a copy of the summons and of the complaint to the individual personally," Tenn. R. Civ. P. 4.04(1), or by mail upon the defendant, his or her attorney, or by any person authorized by statute, Tenn. R. Civ. P. 4.04(10).

### *b. Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

## III. Proposed Analysis and Conclusions of Law

Upon review, as a threshold matter, Plaintiffs have not responded to the arguments raised by Defendants in their Motion to Dismiss. Not only is this required to oppose a motion, but it was further required by the Court's Order to Show Cause. Thus, Plaintiffs' failure to raise any legal arguments in response is in itself grounds for granting Defendants' Motion.

Next, Plaintiffs have not met their burden of establishing that they have properly served Defendants. Plaintiffs have apparently sent a copy of the Complaint and Summons to one email address (dietrich_kuhlmann@navyfederal.org) and two physical addresses (1007 Electric Ave., Vienna, Virginia, 22180 and 820 Follin LN SE, Vienna, Virginia 22180). As to the attempted

service by email, this is not a method permitted under the federal or state rules, and Defendants have raised no argument as to why it should be permitted here. Further, as to the attempted service at physical addresses, Plaintiffs have not met their burden of establishing that their attempts to serve Defendants at these addresses complied with federal or state rules. Further, Defendants have explicitly stated that the Follin Lane address is a principal place of business for Navy Federal Credit Union but is not a place where service is proper upon these defendants under federal or state rules. Accordingly, Plaintiffs' failure to properly serve Defendants provides additional grounds to dismiss their Complaint pursuant to Rule 12(b)(5).

Finally, Defendants request that the Court continue to address whether Plaintiffs' Complaint states a claim upon which relief may be granted and, if it does not, recommend that it be dismissed with prejudice pursuant to Rule 12(b)(6). Here, Plaintiffs have named individual employees of NFCU as defendants; however, he has not made any allegations whatsoever as to what actions were taken by any Defendants were unlawful. Plaintiffs also do not allege any basis for individual employees to be liable for NCFU's decisions in servicing an automobile loan or engaging in collection efforts related thereto. Both the Sixth Circuit and district courts therein have held that employees of financial institutions cannot be held personally liable for the institution's alleged wrongdoing absent evidence of their own individual participation. *See, e.g. Hahn v. Star Bank*, 190 F.3d 708, 714 (6th Cir. 1999); *Williams v. Navy Fed. Credit Union*, No. 23-11593, 2023 WL 8283606, at *3 (E.D. Mich. Nov. 30, 2023). Accordingly, it is RECOMMENDED that Plaintiffs' Complaint be DISMISSED pursuant to Rule 12(b)(6) with prejudice for failure to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be dismissed with prejudice.

Signed this 15th day of September, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**