**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

TIMOTHY PAUL RACKLER, and
ANDREA LYNNE RACKLER,

Plaintiffs,

v. Case No. 2:25-cv-02899-MSN-cgc

DETRICH KUHLMANN,
DIANE YOUNG, KARA
CARDONA, TIM ROSSON,
VINCENT PENNISI,
STEVEN WIESBERG, and
JOE PENDERGRAST,

Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is Magistrate Judge Claxton's Report and Recommendation (ECF No. 23, "R&R"), entered September 15, 2026. Judge Claxton recommends dismissing Plaintiffs' claims with prejudice on the grounds that Plaintiffs failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23 at PageID 257.) Judge Claxton also reports that Plaintiffs failed to effect service of process on Defendants as required by Federal Rule of Civil Procedure 4(e). Under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), dismissal is warranted on either ground. For the reasons that follow, Judge Claxton's R&R (ECF No. 23) is **ADOPTED** in full; Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**; and this case is **DISMISSED WITH PREDJUDICE**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

## ANALYSIS

Plaintiffs had fourteen (14) days after being served with the R&R to file objections. Service occurred electronically on September 15, 2026; therefore, the deadline for filing objections was September 29, 2026. As of the date of this Order, no objections have been filed, and the time for doing so has now passed. Despite a clear warning that failure to file timely objections within fourteen days may result in forfeiture (ECF No. 23 at PageID 258), Plaintiffs did not file any objections. Therefore, the Court declines to review *de novo* any part of Judge Claxton's R&R. *See Thomas*, 474 U.S. at 150.

## CONCLUSION

Having reviewed the face of the record for clear error, *see* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment, subsection (b), and finding none, the Court hereby

**ADOPTS** the R&R (ECF No. 23) and **GRANTS** Defendants' Motion to Dismiss (ECF No. 6). Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 30th day of September, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE